No. 46,811

STATE OF KANSAS, *Appellee*, v. LUTHER BIBBS, *Appellant*.

(508 P. 2d 504)

Opinion filed April 7, 1973.

*Edward J. Chapman, Jr.*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The district court found Luther Bibbs incompetent to stand trial because he was unable to assist in his defense by reason of mental illness. The court further found that the Leavenworth county jail was not an appropriate institution for his safekeeping and treatment and ordered that Bibbs be committed to an institution which had psychiatric facilities. The determination of incompetency was initiated on motion of the defendant Bibbs. The proceedings were conducted in accordance with K. S. A. 1972 Supp. 22-3301 *et seq.* Bibbs does not question the sufficiency of the proceedings leading to the determination of incompetency.

However, Bibbs desires to remain in the Leavenworth county jail under the care and treatment of local medical doctors. He attacks that portion of the commitment order which finds the local county jail is not an appropriate institution for his safekeeping and treatment.

The proceedings originated in this fashion. An information charging Bibbs with the murder of Ronald Douglas Payne was pending before the District Court of Leavenworth County. On the

request of the defendant the judge found there was reason to believe the defendant was incompetent to stand trial. The prosecutorial proceedings were then suspended and the court appointed two qualified physicians to examine the defendant and report their findings to the court. This procedure complies with one of the methods recognized and approved in K. S. A. 1972 Supp. 22-3302 (3). A comprehensive joint report of the physicians was filed and after notice to the defendant a hearing was had in which the court found Bibbs incompetent to stand trial. The defendant accepts that determination but he questions his place of commitment.

The place of commitment for treatment of one found incompetent to stand trial may be any state, county or private institution which in the discretion of the district court is appropriate for the safekeeping and treatment of the incompetent. (K. S. A. 1972 Supp. 22-3303 [1].)

K. S. A. 1972 Supp. 22-3303 (1) provides:

"A defendant who is found to be incompetent to stand trial shall be committed for treatment to any appropriate state, county or private institution during the continuance of that condition. Upon application of the defendant and in the discretion of the court, the defendant may be released to any appropriate private institution upon terms and conditions as the court may prescribe."

After it has been legally determined that a defendant is incompetent to stand trial his place of commitment rests in the discretion of the district court. A district judge by statute (K. S. A. 19-1902) is required to make a personal inspection of the county jail during each term of his court and to submit a report on the facilities afforded to prisoners therein. We may safely assume the judge can determine from his own personal knowledge, obtained in the line of duty, whether a particular county jail is an appropriate institution for the safekeeping and treatment of the incompetent person standing before him.

When it is legally determined a defendant is incompetent to stand trial under K. S. A. 1972 Supp. 22-3302 no separate due process hearing is necessary to select an appropriate institution for care and treatment; that determination lies within the judicial discretion of the committing court. The burden of proving an abuse of judicial discretion in selecting an appropriate institution rests on the defendant. No such proof appears in this record.

The order of the court is affirmed.